Derbigny, J.
delivered the opinion of the court- The plaintiffs and appellees, as children and legal heirs of sirnon Croizet, claim from the aPPe^ant> ln his capacity of curator to the estate of Mary Martin Dumontet, the restitution of a tract of land, which thej^ alledge was conveyed to her, in trust, by thdr ancestor, under the semblance of a sale, to be reconveyed by her, after his death, to two of his children, whom he intended to favor, to the prejudice of the others. The sale is clothed with all the solemnities required by law, and the principal ground of de- *525 fence of the appellant is, that such an instrument has nothing to fear from the attacks of verbal evidence ; and, as verbal evidence has been admitted in this case, he has excepted to its introduction.
The general rule that no parol testimony is to be heard against or beyond v/hat is contained in a written act, is a safeguard, established by law for securing bona fide contracts from any attempt to alter or vary thefn; but whenever an act is impeached as false, fraudulent or feigned, the rule does not apply. The question there is no longer shall the contents of ahvritten act be preserved unaltered, but is this a bona fide act ? When an act is made with an intent to cheat third persons, there is, generally, nothing on the face of it, which can detect such intention. The parties take' good care to give it as fair an aspect as if it was made in good faith and strict hones* ty. What then is to be done ? Is fraud and vil■lainy to be sheltered under the rule that no witnesses can disprove any thing contained in a written act? No, The contents of the act are not in question. The verity, the reality of the contract, the good faith of the parties is the object of enquiry. To come at a knowledge of the facts from which this may be ascertained, oral evidence must be heard. The conduct of the parties, their revelations, and all the circum *526 stances which mav tend to disclose the artifice. 1 ' . . f and remove the veil under which truth lies coil* eealed, become a fair subject of investigation; The defendant does not deny this as a general principle ; for, he readily admitted that, if Croiz-et’s creditors, instead of his children, were plaintiffs in this case, they would have a right to do what the children have here attempted. But he says, that the heirs of Croizet are bounjl by his acts, and have no right to shew that, which, were he alive, would not be permitted even to alledge-
From these, two questions arise : 1. Could Simon Croizet, if alive, plead that this is a feigned sale ? 2, if he could not, can the present plaintiffs plead it ?
I. That the party to a feigned contract may plead the simulation is admitted, in general terms, by the Spanish jurists. Their opinion is predicated principally on that maxim of the Roman law: plus valere quod agitur, quam quod Simulate concipitur. Febrero, who has treated the question more extensively than any of the authors within our reach, after having enumera, ted the different sorts of simulation, expresses himself as follows : En estos tres casos, aunque el damnificado manifiesta su torpeza y delito en haber intervenido en la simulación, puede na ob- *527 atante alegarla, no para fundar su intención, sino para, coadyuvar la contra el participe, porque trata de evitar su daño, y este lucrarse en su * detrimento. Y lo mismo puede hacer su heredero, • coníal que el contrato no sea en fraude del fisco, u ds otro tercero. Provided the simulation be such that no third person be defrauded by it, it may be pleaded by the party, who is willing to expose his own turpitude. Here, then, if we take the plaintiffs to be altogether in the room of Simon Croizet, there are no third persons defrauded by the alledged simulation, and it maybe pleaded. Whether in support of such a plea, the party can produce oral evidence alone, unaided by any written testimony, is a question of some importance ; and as there is no necessity to decide it here absolutely, we will pass to the consideration of the other point, to wit, can the present plaintiffs plead the simulation of this contract as persons distinct from their father, and produce parol proof in suport of their allegation?
II. The plaintiffs we take to be the legitimate children of Simon Croizet; for after their allegation that they are Croizet’s legal heirs and representatives, the admission of the defendant that they are his children, goes fully to establish that fact.
The nlaintiffs then, as such legitimate children. *528 are en{b'ted by buv to a portion of their father';, estate, which it was not in his power to deprive them of, except for die causes also expressed b}r law. Where a parent has, by any practice, en-deavoured to remove from the reach of his children that which the law made it his duty to preserve for them, their interest, instead of deriving from their ancestor, is in direct opposition to his acts. To pretend that, because they are his children, they are bound by such acts, would be giving countenance toa violation of the law, and annihilating rights which the law has created. With respect then to their legitimate portion, children have rights, which not only are independent and distinct from those of their parents, but may be, as in this case, directly at war, with those which their parents wish to exercise. Children entitled to a legitime are quasi creditors of their parent’s estate : “ legitima non dicitur lu-crum, sed quasi debitumLopez, on Part. 6, 10, 8. Hence, children are not bound by the donations, even inter vivos, which their parents may have made to the prejudice of their legiti-me, and may sue the donees to have the donations reduced to the amount which the donor could dispose of. Cm. Code, 212, art. 19—26. A fortiori, can they attack the acts of their parents, by which they are,, not merely prejudiced, but defrauded.—For the purpose then of asserting *529 their rights iothe legitime secured to them by law, children must be. viewed in the character of thirc^ persons, and as such be permitted to al-ledge and prove any thing that creditors might avail themselves of —It is, therefore our opinion, that the district judge acted correctly in admitting on their part, any evidence which could establish the simulation of the contract, by which they say they have been defrauded.
Turner for the plaintiffs, Henry for the defendant.
As to the nature of the evidence received and the weight which it ought to have, we do not think ourselves at liberty to take that into consideration ; there being in the record no statement of facts, nor any certificate shewing that all the evidence is there contained.
It is therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.